## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

                         No. 6:19-cv-1843-RBD-LRH

**v.**

**ANDRES FERNANDEZ and**
**EDISION DENIZARD,**

      **Defendants.**

_____

## FINAL DEFAULT JUDGMENT AGAINST
## DEFENDANT ANDRES FERNANDEZ

**THIS CAUSE** came before the Court on Plaintiff Securities and Exchange Commission's Renewed Motion for Final Default Judgment Against Defendant Andres Fernandez.  Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    This Court has personal jurisdiction over the Defendant and the subject matter of this action.  Venue is proper in the Middle District of Florida.

2.    Fernandez was served with a copy of the Summons and Complaint on October 8, 2019 by process server.

3.      Fernandez's responsive pleading was due October 29, 2019, but he has not answered or otherwise responded to the Complaint as required by the Federal Rules of Civil Procedure.

4.      On November 1, 2019, the Commission filed a Motion for Entry of Clerk's Default against Fernandez, which the Clerk entered that same day.

5.      By virtue of his default and failure to respond to the complaint, Fernandez is deemed to have admitted the allegations of the Complaint, and liability is established against him. *Jacobs v. Alexander William & Associates*, 2013 WL 1687699, *1 (M.D. Fla. Apr. 18, 2013); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  Furthermore, this matter has been resolved against Co-Defendant Edison Denizard, who has consented to the entry of a judgment imposing a permanent injunction and other relief against him.  ECF No. 30.  Accordingly, the Court finds Fernandez committed the violations alleged in the Complaint.

6.      Fernandez is not an infant or an incompetent person, has no guardian, committee, conservator or other such person appearing on his behalf, and is not on active duty in the United States military.

Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Final Default Judgment Against Defendant Andres Fernandez is **GRANTED**.   Final Default Judgment is entered against Fernandez as follows:

## I.

## <u>PERMANENT INJUNCTION</u>

**A.**   <u>Section 10(b) of the Exchange Act and Rule 10b-5 thereunder</u>

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

 (A) any investment in securities,

 (B) the prospects for success of any company,

 (C) the use of investor funds,

 (D) compensation to any person, or

 (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.**   **Section 17(a) of the Securities Act**

 **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer

or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment in securities,

    (B) the prospects for success of any company,

    (C) the use of investor funds,

    (D) compensation to any person, or

    (E) the misappropriation of investor funds or investment proceeds..

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## C.   <u>Section 5 of the Securities Act</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED**

that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security,

unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Fernandez is liable for disgorgement of $1,627,700, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $192,596.28, for a total of $1,820,296.28**.**  This amount is deemed offset by the restitution ordered against Fernandez in the criminal case concerning the same conduct at issue in the case, *United States v. Andres Fernandez*, No. 6:19-cr-00008-GAP-GJK (M.D. Fla.).

## III.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Fernandez in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## IV.

## <u>RULE 54(b) CERTIFICATION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** at Orlando, Florida, this _____ day of _____, _____.

_____
ROY B. DALTON, JR.
UNITED STATES DISTRICT JUDGE