# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                        Case No. 6:19-cv-1843-RBD-LRH

ANDRES FERNANDEZ; and
EDISON DENIZARD,

    Defendants.

## ORDER

Plaintiff sued Defendants for securities laws violations. (Doc. 1.) After Defendant Andres Fernandez failed to respond, Plaintiff obtained a Clerk's entry of default against him. (Docs. 12–13.) Now Plaintiff moves for default judgment against Fernandez, seeking: a permanent injunction; $1,627,700 in disgorgement; and $192,596.28 in prejudgment interest, to be offset by a criminal restitution order. (Doc. 39 ("Motion").) On referral, U.S. Magistrate Judge Leslie R. Hoffman recommends granting the Motion. (Doc. 45 ("R&R").)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The only error was in the acceptance of some of the injunction language. The R&R concluded the "obey the law" language in the proposed injunction was acceptable. (Doc. 45, pp. 16–17.) The Court disagrees, and modifies the language of the proposed injunction slightly to avoid broad commands to simply obey securities law. *S.E.C. v. Goble*, 682 F.3d 934, 950–51 (11th Cir. 2012). With this modification, the Court adopts the R&R.

It is **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 45), as modified by this Order, is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Plaintiff's Renewed Motion for Final Default Judgment Against Defendant Andres Fernandez (Doc. 39) is **GRANTED.**

3. Fernandez is **LIABLE** for disgorgement in the amount of $1,627,700 as well as prejudgment interest of $192,596.28, which Order shall be offset by the restitution award in the parallel criminal proceedings, *United States v. Fernandez*, No. 6:19-cr-8-GAP-GJK, Doc. 60 (M.D. Fla. Jan. 14, 2020).

4. Plaintiff's claims for a civil monetary penalty against Fernandez (Doc. 1, p. 12) are **DISMISSED.**

5. The Court **RETAINS** jurisdiction over this matter as necessary to

enforce this Order.

6. The following permanent injunction is entered against Fernandez:

**PERMANENT INJUNCTION**

**A. Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder**

It is **ORDERED AND ADJUDGED** that Fernandez is permanently restrained and enjoined from using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

a) to employ any device, scheme, or artifice to defraud;

b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        A.    any investment in securities,

        B.    the prospects for success of any company,

        C.    the use of investor funds,

        D.    compensation to any person, or

        E.    the misappropriation of investor funds or investment proceeds.

It is further **ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Fernandez's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Fernandez or with anyone described in (a).

**B.**    **Section 17(a) of the Securities Act of 1933 (the "Securities Act")**

It is further **ORDERED AND ADJUDGED** that Fernandez is permanently restrained and enjoined from, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

a)    employing any device, scheme, or artifice to defraud;

b)    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which

they were made, not misleading; or

    c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    A.    any investment in securities,

    B.    the prospects for success of any company,

    C.    the use of investor funds,

    D.    compensation to any person, or

    E.    the misappropriation of investor funds or investment proceeds.

It is further **ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Fernandez's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Fernandez or with anyone described in (a).

**C.**    **Sections 5 of the Securities Act**

It is further **ORDERED AND ADJUDGED** that Fernandez is permanently

restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    a.    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    b.    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    c.    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

It is further **ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

who receive actual notice of this Judgment by personal service or otherwise: (a) Fernandez's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Fernandez or with anyone described in (a).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 12, 2021.

ROY B. DALTON JR.
United States District Judge