**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

**v.**                                          **Case No:   6:19-cv-1843-RBD-LRH**

**ANDRES FERNANDEZ and**
**EDISON DENIZARD,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED UNOPPOSED MOTION FOR FINAL JUDGMENT AGAINST DEFENDANT EDISON DENIZARD (Doc. No. 52)**
>
> **FILED:**   September 27, 2021
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On September 25, 2019, Plaintiff, the Securities and Exchange Commission ("SEC"), filed a complaint against Defendants Andres Fernandez ("Fernandez") and Edison Denizard ("Denizard").  Doc. No. 1.  The SEC alleges that from 2015

through 2017, Defendants, through companies they controlled, raised millions of dollars from numerous investors in unregistered fraudulent securities offerings. *Id.* ¶¶ 1–2. The allegations in the complaint in large part mirror allegations against both Defendants in parallel criminal proceedings. *See United States v. Denizard*, No. 6:20-cr-135-PGB-EJK; *United States v. Fernandez*, No. 6:19-cr-00008-GAP-GJK-1.

Fernandez failed to appear in this case, and Clerk's default was therefore entered against him on November 1, 2019. Doc. No. 13. The SEC's first motion for default judgment against Fernandez was denied without prejudice to renewal after the case was resolved against Denizard. Doc. Nos. 14, 17.

On October 26, 2020, the SEC notified the Court that the SEC reached a settlement with Denizard on the non-monetary relief sought in the complaint. Doc. No. 30. With respect to monetary relief, the SEC requested that the Court stay the remainder of the case until resolution of the parallel criminal proceeding against Denizard (*i.e.*, determination of the amount of disgorgement, prejudgment interest, and civil penalty). *Id.* The Court granted the request for a stay and entered a permanent injunction against Denizard upon his consent. Doc. No. 35. The permanent injunction, a separate judgment, remains in full force and effect. *See id.* at 7 (providing that "this Judgment" is not dischargeable in any bankruptcy proceedings, and retaining "jurisdiction of this matter for the purposes of enforcing the terms of this Judgment").

During the stay of the matter against Denizard, the SEC obtained an Order granting the SEC's motion for default judgment against Fernandez, and entering a permanent injunction against Fernandez. Doc. Nos. 39, 45–46.

On July 30, 2021, the SEC filed a motion seeking entry of final judgment against Denizard, with his consent. Doc. No. 47. *See also* Doc. No. 47-1 (consent of Mr. Denizard to entry of final judgment); Doc. No. 47-2 (proposed final judgment against Mr. Denizard). On August 11, 2021, the Court issued an order taking the SEC's motion under advisement, in which it directed the SEC to file supplemental briefing "as to the status of the case against co-Defendant Andres Fernandez and what issues remain to be resolved before the entry of final judgment as to both Defendants." Doc. No. 48. The SEC timely filed said supplemental briefing, stating that given that the Court entered an Order granting its motion for default against Mr. Fernandez (Doc. No. 46), and that Mr. Denizard's consent and the proposed order thereon will resolve all claims against Mr. Denizard (Doc. Nos. 47-1, 47-2), "final judgment could then be entered as to both Defendants." Doc. No. 49, at 2. The SEC's motion was thereafter referred to the undersigned.

Upon consideration, I found that there were two issues requiring clarification from the SEC before I could recommend a disposition on the SEC's motion. Doc. No. 50. First, it was not clear whether the SEC was requesting that a "final judgment" against Denizard include the previously entered permanent injunction,

*see* Doc. No. 35, or whether the SEC was seeking a separate final judgment against Denizard solely as to the monetary relief sought against Denizard in the complaint. *Id.* at 2–3. Second, it was unclear from the SEC's filings whether it was requesting that a separate final judgment be entered against Fernandez, or if it deemed the Court's Order granting default judgment against Fernandez, *see* Doc. No. 46, sufficient to resolve its claims against Fernandez. Doc. No. 50, at 3. Accordingly, I ordered the SEC to file supplemental briefing on these issues. *Id.* at 3–4.

The SEC timely filed its supplemental briefing, in which it states that it seeks a final judgment against Denizard to include incorporation of the previously entered permanent injunction, with Denizard's consent. Doc. No. 51, at 1. The SEC further states that the Court's Order granting default judgment against Fernandez sufficiently resolved its claims against Fernandez, and that it does not seek entry of a separate final judgment against him. *Id.* at 2. The SEC thereafter filed an amended motion seeking entry of final judgment against Denizard, with his consent. Doc. No. 52. *See also* Doc. Nos. 30-1, 47-1. The SEC also submits an amended proposed final judgment against Denizard, which incorporates the previously entered permanent injunction. Doc. No. 52-1. According to the SEC, Denizard has no objection to the amended proposed final judgment. Doc. No. 52, at 1. Based on the foregoing, I denied the SEC's first-filed motion for entry of final

judgment against Denizard as moot (Doc. No. 47), and this Report and Recommendation on the SEC's amended motion (Doc. No. 52) follows.

Upon consideration, I will respectfully recommend that the Court grant the SEC's amended motion, *see* Doc. No. 52, and enter final judgment against Denizard upon his consent, *see* Doc. Nos. 30-1, 47-1, 51, at 1, utilizing the proposed form provided by the SEC, *see* Doc. No. 52-1.  *See generally Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997) ("District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy.").  *See also Sec. & Exch. Comm'n v. Jeffrey D. Martin, et al.*, No. 6:17-cv-1385-Orl-37GJK, Doc. Nos. 85–86, 89 (M.D. Fla.) (entering substantially similar final judgments upon consent which incorporated earlier judgments of permanent injunction); *Sec. & Exch. Comm'n v. BarrierMed, Inc., et al.*, 6:09-cv-102-Orl-JA-KRS, Doc. No. 48 (M.D. Fla.) (final judgment entered upon consent in similar case, referring to earlier entry of permanent injunction); *Sec. & Exch. Comm'n v. GMC Holding Corp., et al.*, No. 6:08-cv-275-Orl-JA-KRS, Doc. Nos. 35–36, 40 (M.D. Fla) (same).

Given that the Court's Order granting default against Fernandez resolved all claims against Fernandez, that the permanent injunction against Fernandez is a separate judgment, *see* Doc. No. 46, at 4–7 (stating permanent injunction is a "Judgment"), and that the SEC does not seek entry of a separate "final" judgment

against Fernandez, *see* Doc. No. 51, at 2, with the entry of final judgment against Denizard, all claims will be resolved in this case. Accordingly, after entry of the final judgment against Denizard, I will further recommend that the Court direct the Clerk of Court to close this case.

Accordingly, for the reasons discussed herein, I respectfully **RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Amended Unopposed Motion for Final Judgment Against Defendant Edison Denizard (Doc. No. 52);

2. **ENTER** final judgment in favor of the SEC and against Denizard as set forth in the SEC's amended proposed order, with Denizard's consent (Doc. No. 52-1); and thereafter

3. **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 28, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy